**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARYOL DERRICK RICHMOND, | ) NO. CV 19-8163-JGB(E) |
| Petitioner, | ) |
| v. | ) ORDER DISMISSING PETITION WITH |
| CHRISTIAN PFEIFFER, Warden, | ) LEAVE TO AMEND |
| Respondent. | ) |

**BACKGROUND**

On August 2, 2019, Petitioner filed an "Application for Leave to File Second or Successive Petition, etc." in the United States Court of Appeals for the Ninth Circuit. The Application appeared to relate to Petitioner's state court conviction for attempted robbery. <u>See</u> <u>People v. Richmond</u>, 2014 WL 6694790 (Cal. App. Nov. 26, 2014).

On September 19, 2019, the Ninth Circuit transferred the Application to this Court as an original habeas corpus petition ("Petition"), based on the Circuit's observation that it appeared

Petitioner previously had not filed any habeas corpus petition in the District Court.  The Ninth Circuit ordered that the Petition be deemed filed in this Court on July 26, 2019, the date the document had been delivered to prison authorities for forwarding to the Ninth Circuit. The Ninth Circuit stated it was expressing no opinion regarding the merits of Petitioner's claims or whether Petitioner had satisfied "the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254."

The allegations in the Petition are sparse and confused.  In the section of the form instructing Petitioner to state the grounds for habeas relief and to summarize supporting facts, Petitioner states: "Ineffective assistance of counsel; miscarriage of justice; 14th amend., enhancements are no longer lawful" (Petition, p. 3).  In the section of the form asking whether any claim relies on a new rule of constitutional law, Petitioner states: "Yes. § 1170(d); 1170.18(a); 1170.18(f); § 667," apparently referencing California sentencing statutes (id., p. 4).  In the section of the form asking whether any claim relies on newly discovered evidence and, if so, what the evidence was, when Petitioner discovered it and why the evidence was not previously available to Petitioner, Petitioner states: "The witness did not actually pick me in a photo lineup as one of the perpetrator[s]" (id.).  Petitioner answers "yes" to the question asking, with respect to each ground, whether any purported newly discovered evidence establishes Petitioner's asserted innocence (id.). In response to the question asking whether the purported newly discovered evidence establishes a federal constitutional error and, if so, what constitutional provision assertedly was violated, Petitioner responds: "Yes, miscarriage of justice; six[th] amendment; fourteenth

amendment" (id.).  In the section of the form asking Petitioner to provide any other basis for the application not previously stated, Petitioner states: "Senate Bill 1392; Senate Bill 1393; Senate Bill 1279" (id.).[1]

**DISCUSSION**

The present Petition is largely unintelligible.  Petitioner's use of a Ninth Circuit form designed as an application to file a second or successive habeas petition may be part of the problem.  In any event, the Petition fails to state any facts demonstrating a "violation of the Constitution, laws or treaties of the United States," as required for federal habeas relief.  See 28 U.S.C. §2254(a); Pulley v. Harris, 465 U.S. 37, 41 (1984).  For similar reasons, the Petition violates the Rules Governing Section 2254 Cases in the United States District Courts.  See Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts (petition must "specify all the grounds for relief available to the petitioner . . . [and] . . . state the facts supporting each ground"); see also Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977) (summary disposition of habeas petition appropriate where allegations are vague; "the petition is expected to state facts that point to a real possibility of constitutional error")

---

[1]    "Effective January 1, 2019, section 1385 [of the California Penal Code] was amended [by Senate Bill 1393] to eliminate the prohibition against striking a five-year enhancement for a prior serious felony under section 667 [of the California Penal Code].  The result is courts now have discretion to strike a five-year enhancement." People v. Dearborne, 34 Cal. App. 5th 250, 268, 246 Cal. Rptr. 3d 63 (2019).  "The amendment applies retroactively to all cases not final on its effective date." Id.  It appears that the other two bills to which Petitioner refers have not become law.

(citation, internal quotations and brackets omitted); Jones v. Gomez,
66 F.3d 199, 204-05 (9th Cir. 1995), cert. denied, 517 U.S. 1143
(1996) (conclusory allegations unsupported by a statement of specific
facts do not warrant habeas relief); Mihailoviki v. State of Cal., 364
F.2d 808, 809 (9th Cir. 1966) (affirming dismissal of petition which,
inter alia, contained unintelligible and conclusory allegations);
Ellis v. Cullen, 2011 WL 249495, *2-3 (N.D. Cal. Jan. 26, 2011) ("The
petition does not provide enough information for the court to
determine whether some of the allegations state cognizable claims for
relief.  That same lack of information means that the petition would
not give respondent fair notice of [petitioner's] claims, such that he
could prepare a meaningful response"); Hines v. Napolitano, 2007 WL
2859745 (S.D. Cal. Sept. 26, 2007) (dismissing petition which
contained "unintelligible allegations without any specific federal
constitutional grounds for relief"; court need not "engage in a
tenuous analysis in order to attempt to identify and make sense of the
Petition").

     The Petition also violates Rule 8 of the Federal Rules of Civil
Procedure.  Rule 8 requires that a pleading contain "a short and plain
statement of the claim showing that the pleader is entitled to
relief."  The Petition in this case is not plain.  Rather, the
Petition is so vague as to leave wholly uncertain the nature of
Petitioner's claims.

     Finally, the Petition is not in proper form.  Under Local Rule
83-16.1, a petition for writ of habeas corpus "shall be submitted on
the forms approved and supplied by the Court."  See McClinton v.

California, 2016 WL 7223266, at *1 (C.D. Cal. Nov. 4, 2016), adopted, 2016 WL 7239480 (C.D. Cal. Dec. 13, 2016) (petition deficient for, among other things, failure to use the correct form required by this Court).

**ORDER**

For all of the foregoing reasons, the Petition is dismissed with leave to amend. If Petitioner intends to pursue federal habeas corpus relief at this time, Petitioner shall file a First Amended Petition that utilizes the approved form, a copy of which is attached hereto. The First Amended Petition shall be complete in itself. It shall not refer in any manner to the original Petition. In other words, Petitioner must start over when preparing the First Amended Petition. The First Amended Petition shall contain a short and plain statement of the grounds for relief and the supporting facts. Failure to file a First Amended Petition within twenty-eight (28) days of the date of

///
///
///
///
///
///
///
///
///
///
///

this Order may result in the dismissal of this action for failure to
prosecute.

DATED: October 2, 2019

_____
JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

PRESENTED this 26th day of
September, 2019, by:


_____/s/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE